# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2023

Lyle W. Cayce
Clerk

_____

22-60663

_____

Sajid Muhammad Qureishy,

*Plaintiff—Appellant*,

*versus*

Merrick garland, *U.S. Attorney General*,

*Defendant—Appellee.*

_____

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 090 43

_____

Before Graves, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Sajid Muhammad Qureishy, a native and citizen of Pakistan, petitions for review of an order by the Board of Immigration Appeals affirming denial of asylum and withholding of removal. Qureishy argues that his asylum application, although untimely filed, falls within an exception permitting late applications when justified by extraordinary circumstances. He further

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

contends that he established a case for asylum on the merits by showing both past and future persecution. Finally, he contends that because the notice to appear informing him of removal proceedings lacked a date and time, this court should remand to give the government a chance to cure the defect. Because these arguments have been inadequately briefed, we deny the petition for review.

An appellant's opening brief must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(8). The brief must also engage with the merits of the judgment being appealed. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (refusing to "raise and discuss legal issues that [appellant] has failed to assert" where appellant did not address a district court's opinion). "Inadequately briefed issues are deemed abandoned." *United States v. Stevens*, 487 F.3d 232, 244 (5th Cir. 2007). *See also Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("[W]e . . . require that arguments must be briefed to be preserved.").

Qureishy has not adequately briefed the issues he raises. The Board considered and rejected Qureishy's arguments concerning the timeliness of his petition, his case for persecution, and the defective notice to appear. Yet Qureishy never discusses the Board's analysis or explains why it was deficient. Not once does he even state why the Board rejected his arguments. All he provides are "familiar rules governing our review . . . without even the slightest identification of any error" in the Board's reasoning. *Brinkmann*, 813 F.2d at 748. It is "the same as if he had not appealed that judgment." *Id.*

Another fatal defect in Qureishy's briefing is the lack of record citations. Factual assertions made in a brief must be supported by record citations. *See* FED. R. APP. P. 28(a)(8). *See also United States v. Rojas*, 812 F.3d 382, 407 n.15 (5th Cir. 2016) (Appellant "does not include record

citations in support of these arguments. He has failed to adequately brief these arguments."). Qureishy makes multiple factual assertions regarding all three of his arguments. Nevertheless, he cites the record only when discussing the persecution issue, and then only three times over two pages of facts. Absent are citations for Qureishy's most salient assertions, such as his justification for failing to file a timely petition.

Because Qureishy inadequately briefs these issues, he abandons them. And because he abandons them, we cannot consider their merits. The petition is accordingly denied.